[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a tort claim in which the plaintiff seeks damages for injuries received in an alleged assault by the defendants.
The matter came before the court for a hearing in damages on January 23, 2003, the defendants having been defaulted for failing to plead on November 21, 2002. On that occasion, the plaintiff's case was introduced by her daughter since she did not speak English. The court did not enter a judgment at that time because the plaintiff lacked medical bills, medical reports and a loss of earnings statement. The pro se defendants were not in attendance.
Notices were then sent out by the clerk's office for a hearing on February 25, 2003. The plaintiff was present with counsel and the medical evidence was presented. Upon the conclusion of the plaintiff's presentation, the court entered a judgment for the plaintiff and was in the process of taking another matter when the defendants indicated through a third party that they were present. It became immediately apparent that the defendants did not speak English. No one had indicated to the court that the defendants were present.
Plaintiff's counsel was called back into the courtroom and he was advised the defendants wished to be heard. Over the plaintiff's objection, the court indicated they would be given that opportunity and an interpreter was summoned.
The court then proceeded to hear the plaintiff and the defendants through a Spanish interpreter, taking no action on the judgment till they concluded. The defendants claimed no notice of the January hearing was received.
Having heard the three parties, the court concludes the judgment must be re-opened and judgment will enter for the defendants for the failure of the plaintiff to sustain her burden of proof CT Page 2765
These three witnesses describe a general melee in which all participated. The plaintiff apparently arrived on the scene after the involvement of her children and tried to separate the combatants. She did not know how her finger was broken, the defendant Rosa Toscano claimed the boys were holding her and the plaintiff was pulling her hair. Patricia Toscano Vargas claims to have acted in defense of her sister Rosa Toscano when she tangled with the plaintiff. Rosa Toscano claims to have been scratched and bruised, her visage so affected that her employer sent her home from work.
Under these circumstances, liability is impossible to allocate, but even in light of the default having entered, the plaintiff's statement that she does not know how she fractured her finger eliminates that injury from consideration on the issue of damages. Absent that proof, there is nothing upon which damages can be awarded.
 Anthony V. DeMayo Judge Trial Referee
CT Page 2766